IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ALMA BENAVIDES | § | |
| | § | |
| v. | § | CASE NO. 7:23-cv-00173 |
| | § | |
| CVS PHARMACY, INC. #10142, | § | |
| COCA-COLA SOUTHWEST | § | |
| BEVERAGES, LLC, ALICE MARIE, LLC | § | |

### DEFENDANT COCA-COLA SOUTHWEST BEVERAGES, LLC'S AMENDED ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendant Coca-Cola Southwest Beverages LLC ("CCSWB" or "Defendant") files this Amended Answer and Affirmative Defendants to Plaintiff's Original Petition.

### I.
#### AMENDED ANSWER TO PLAINTIFF'S ORIGINAL PETITION

#### DISCOVERY CONTROL PLAN

1.  Defendant denies that discovery is to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. Defendant asserts that discovery will be conducted in accordance with the Federal Rules of Civil Procedure.

#### PARTIES AND SERVICE

2.  Defendant admits the allegations in paragraph 2.01 of Plaintiff's Original Petition.

3.  Defendant is without knowledge and thus unable to admit or deny the allegations in paragraph 2.02 of Plaintiff's Original Petition.

4.  Defendant admits the allegations in paragraph 2.03 of Plaintiff's Original Petition.

5.  Defendant is without knowledge and thus unable to admit or deny the allegations in paragraph 2.04 of Plaintiff's Original Petition.

## VENUE & JURISDICTION

6. Defendant admits that Plaintiff seeks relief or $250,000 or less but denies that Plaintiff is entitled to recovery of the amount set out in paragraph 3.01 of Plaintiff's Original Petition. Defendant avers that venue is proper in the United States District Court, Southern District of Texas, McAllen Division.

7. Defendant admits that this Honorable Court has jurisdiction over the parties but denies the allegations in 3.02 of Plaintiff's Original Petition.

8. Defendant denies the allegations in paragraph 3.03 of Plaintiff's Original Petition.

9. Defendant avers that venue is proper in the United States District Court, Southern District of Texas, McAllen Division.

## ALTER-EGO/MISNOMER

10. Defendant admits that it has been properly named. Defendant denies the allegations contained in paragraph 4.01 of Plaintiff's Original Petition.

## BACKGROUND FACTS

11. Upon information and belief, Defendant admits the allegations in paragraph 5.01 of Plaintiff's Original Petition.

12. Defendant denies the allegations in paragraph 5.02 of Plaintiff's Original Petition.

13. Defendant denies the allegations in paragraph 5.03 of Plaintiff's Original Petition.

14. Defendant denies the allegations in paragraph 5.04 of Plaintiff's Original Petition.

15. Defendant denies the allegations in paragraph 5.05 of Plaintiff's Original Petition.

16. Defendant lacks the knowledge to either admit or deny the ownership, management allegations contained in paragraph 5.06 of Plaintiff's Original Petition. Defendant denies the remaining allegations contained in this paragraph.

### PLAINTIFF'S CLAIMS AGAINST CVS PHARMACY AND ALICE MARIE, LLC

17.　No answer necessary to paragraph 6.01 of Plaintiff's Original Petition.

18.　No answer necessary to paragraph 6.02 of Plaintiff's Original Petition, including subparts (A) – (E).

### PLAINTIFF'S CLAIMS AGAINST CCSWB

19.　Defendant denies the allegations in paragraph 7.01 of Plaintiff's Original Petition.

20.　Defendant denies the allegations in paragraph 7.02 of Plaintiff's Original Petition.

21.　Defendant denies the allegations in paragraph 7.03 of Plaintiff's Original Petition.

### DAMAGES

22.　Defendant denies allegations in paragraph 8.01 of Plaintiff's Original Petition.

### VICARIOUS LIABILITY

23.　Defendant denies allegations in paragraph 9.01 of Plaintiff's Original Petition.

### PRESERVATION OF EVIDENCE

24.　No answer necessary to paragraph 10.01 of Plaintiff's Original Petition.

### DESIGNATED E-SERVICE EMAIL ADDRESS

25.　No answer necessary to paragraph 11.01 of Plaintiff's Original Petition.

### INITIAL DISCLOSURES

26.　Defendant denies that discovery is to be conducted pursuant to the Texas Rules of Civil Procedure. Defendant asserts that discovery will be conducted in accordance with the Federal Rules of Civil Procedure.

### Prayer

27.　Defendant denies that Plaintiff is entitled to the relief sought in her prayer against this Defendant.

## II.
### AFFIRMATIVE DEFENSES

28.     Defendant CCSWB would show that Plaintiff was guilty of certain acts, wrongs, errors or omissions which together, or separately, were the sole cause of her injuries and damages, if any. In the alternative, such acts, wrongs, errors and omissions committed by Plaintiff amounted to contributory negligence and such was a proximate cause of Plaintiff's injuries and damages, if any.

29.     Further answering herein, Defendant CCSWB would show that Plaintiff's alleged injuries and damages were the result of negligent acts or omissions of third parties over whom Defendant CCSWB had no control.

28.     Defendant CCSWB further contends that Plaintiff's alleged injuries and damages were the result of a sudden emergency and/or unavoidable accident.

29.     Defendant CCSWB specifically invokes the protection of Section 41.0105 of the Texas Civil Practice & Remedies Code and would show that Plaintiff's recovery of medical expenses, if any, is limited to expenses which have been or will be actually paid or incurred.

30.     Pleading further, alternatively and by way of affirmative defense, CCSWB pleads that Plaintiff failed to act as a person of ordinary prudence in caring for and treating her injuries, if any, that resulted from the incident made the basis of this suit  and/or in failing to mitigate her damages as required under applicable law and therefor any such claims or causes of action are barred to that extent.

31.     Defendant CCSWB specifically invokes the protection of Section 18.091 of the Texas Civil Practice & Remedies Code and requests that to the extent that Plaintiff seeks recovery for loss of earnings or loss of earning capacity, the evidence to prove such loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability.  Defendant CCSWB

further requests that the Court instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is subject to federal income taxes.

32. Defendant CCSWB specifically invokes the provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including:

(A) Section 33.003, which requires the determination of the percentage of responsibility of each party;
(B) Section 33.001, which provides that any plaintiff may not recover damages if her percentage of responsibility is greater than 50 percent;
(C) Section 33.013(a), which provides that the defendant is liable to a plaintiff only for the percentage of damages found by the trier of fact equal to the defendant's percentage of responsibility;
(D) Section 33.012(a) and (b) providing for reduction of any recovery by plaintiff's percentage responsibility.

33. Pleading further, alternatively and by way of affirmative defense, CCSWB would show that the accident in question, Plaintiff's alleged injuries and any alleged resulting damages, were the result, in whole or in part, of a new and independent cause or causes not foreseeable by CCSWB, or of intervening acts of others which were the sole proximate cause, or in the alternative, a proximate cause, and therefore, such new and independent acts or causes became the immediate and efficient cause or causes, such that any and all alleged negligent acts or omissions of CCSWB were not the cause of the accident in question, Plaintiff's alleged injuries and any alleged resulting damages.

### III.
### PRAYER

WHEREFORE, Defendant, Coca-Cola Southwest Beverages LLC requests that Plaintiff take nothing by this suit, that Defendant recovers its costs and for any such other and further relief to which it may be justly entitled.

Respectfully submitted,

**GERMER PLLC**

_____
Michael T. Bridwell (attorney-in-charge)
State Bar No. 02979600
Federal ID No. 17562
Mark A. Zamora
State Bar No. 24098651
S.D. Tex. Bar No. 3148164
550 Fannin, Suite 400
Beaumont, Texas 77701
(409)654-6721 *direct*
(409)835-2115 *fax*
mbridwell@germer.com
mzamora@germer-sa.com

*Attorneys for Coca-Cola Southwest Beverages LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been delivered via email through CM/ECF to the following known counsel of record on this 15th day of September 2023:

| | |
|---|---|
| Yadira Villarreal<br>VILLARREAL LEGAL GROUP<br>yadi@vlegalgroup.com<br>office@vlegalgroup.com<br>*Attorneys for Plaintiff* | John A. Scully<br>Chad M. Nelson<br>COOPER & SCULLY, P.C.<br>John.scully@cooperscully.com<br>Chad.nelson@cooperscully.com<br>*Attorneys for CVS* |

_____
Michael T. Bridwell

6