Case 7:23-cv-00173   Document 22   Filed on 10/01/24 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
October 01, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ALMA BENEVIDES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:23-cv-00173 |
| | § | |
| CVS PHARMACY, INC #10142, COCA-COLA SOUTHWEST BEVERAGES, LLC, and ALICE MARIE, LLC | § § § § | |
| | § | |
| Defendants. | § | |

## **OPINION AND ORDER**

The Court now considers Plaintiff's "Suggestion of Death,"[1] "Defendant's Motion to Dismiss Pursuant to Rule 25,"[2] and "Defendant Coca-Cola Southwest Beverages, LLC's Motion for Partial Summary Judgment."[3]

Pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure,

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

In May 2024, Counsel for Plaintiff filed a "Suggestion of Death" for the Plaintiff in this matter.[4] Aside from providing the obituary as evidence of Plaintiff's death, Counsel also informed the Court that Defendant "is survived by her children and there is no living spouse."[5] Furthermore, Counsel provides that "Alma Penelope L. Mendoza is Plaintiff's legal heir, her daughter, and has

---

[1] Dkt. No. 18.
[2] Dkt. No. 21.
[3] Dkt. No. 19.
[4] Dkt. No. 18.
[5] *Id.* at 1, ¶ 2.

retained the undersigned counsel to represent her in these legal proceedings. It is anticipated that Alma Penelope L. Mendoza will open an administration of the Plaintiff's estate in an appropriate jurisdiction on behalf of Alma Benavides's heirs, at which time said Estate will move to be substituted for that of the named Plaintiff pursuant to Rule 25 F.R.Cil.P.[sic]"[6]

More than 90 days have passed since the filing of the suggestion of death. As of this date, no motion to substitute Plaintiff has been filed. Thus, Defendants jointly seek dismissal of this case pursuant to Rule 25 of the Federal Rules of Civil Procedure.[7] Defendants generally argue that the Rule 25 required notice has been accomplished via the Suggestion of Death which notes that "Alma Penelope L. Mendoza is Plaintiff's legal heir, . . . and has retained the undersigned to represent her in these legal proceedings."[8] Defendants therefore argue that Alma Penelope L. Mendoza is a party by virtue of the Suggestion of Death. Defendants' argument is self-defeating.

First, "[p]ersonal representatives of a deceased-plaintiff's estate are non-parties that must be personally served under Rule 25."[9] "Personal service of the suggestion of death alerts the nonparty to the consequences of death for a pending suit, signaling the need for action to preserve the claim if so desired."[10] Thus, "[s]ervice of the notice of death on the personal representative for a deceased-plaintiff's estate is generally required, even where it is difficult to determine who the

---

[6] *Id.* at 1, ¶ 3.
[7] Dkt. No. 21.
[8] Dkt. No. 18 at ¶ 3.
[9] *Sampson v. ASC Indus.*, 780 F.3d 679, 681 (5th Cir. 2015) (citing *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir.1994) ("[T]he suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute. Thus, a party may be served the suggestion of death by service on his or her attorney, Fed.R.Civ.P. 5(b), while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons.") (emphasis added) (internal citation omitted*); Fariss v. Lynchburg Foundry*, 769 F.2d 958, 961 (4th Cir.1985) ("Where, as here, a personal representative has been appointed following the death of a party, the suggestion of death must be personally served on that representative.")).
[10] *Id.* at 681 (quoting *Fariss*, 769 F.2d at 962).

personal representative is."[11] Further, "[s]ervice on the attorney for the plaintiff-decedent's estate will not suffice as service on the estate."[12]

Therefore, a Rule 25 notice of death must be personally served on a decedent-Plaintiff's estate, in accordance with Federal Rule of Civil Procedure 4 before the 90-day clock can begin to run on the deceased-plaintiff's action. Thus, because there has been no evidence that the named personal representative of decedent-Plaintiff's estate has been served with the suggestion of death, the Court is unable to consider the motion to dismiss pursuant to Rule 25.

Alternatively, if, as Defendants claim, Alma Penelope L. Mendoza is a party by virtue of the Suggestion of Death, she is effectively the substitute representative for Plaintiff and properly before the Court. While the Court does not adopt this argument, it does find that dismissal is not warranted due to lack of the proper Rule 25 Service.

Now that the Court has recognized that Plaintiff is deceased and there is no indication that the notice was served on Decedent's estate, the Court will not consider the motion for summary judgment because the proper Plaintiff, the decedent-Plaintiff's estate, has had no opportunity to respond to the motion.

Accordingly, the Court hereby **ORDERS** Counsel for Plaintiff, Yadira Villarreal Rodriguez to file a notice informing the Court of the actions being taken to remedy the issues in this matter no later than **October 14, 2024**. Additionally, the Court gives notice that upon proper proof of service of the suggestion of death on the personal representative of decedent-plaintiff's estate or other proper party, the 90 day Rule 25 deadline will commence.

---

[11] *Id.* (citing *Fariss*, 769 F.2d at 962 ("In some instances, it may prove more difficult to determine whom to serve, but it is generally appropriate to require the serving party to shoulder that burden, rather than permitting the absence of notice to decedent's representative to lead to forfeiture of the action.")).

[12] *Id.* (citing *Grandbouche v. Lovell*, 913 F.2d 835, 837 (10th Cir.1990) (holding that even though the attorney for the decedent's estate was noticed, the successor or representatives of the deceased-party's estate were required to be noticed as well)).

Additionally, because the Court is unable to proceed with the scheduling order due to the instant issue, the Court hereby **SUSPENDS** the deadlines previously set out in the Scheduling Order and **CANCELS** the Final Pretrial Conference currently set for January 14, 2025 at 9:00 a.m.[13] The Court will reassess these deadlines and the conference date once the instant matter has been resolved.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 1st of October, 2024.

_____
Micaela Alvarez
Senior United States District Judge

---

[13] Dkt. No. 17.